IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2014

## CHARLES MCHANEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2023    Monte Watkins, Judge**

_____

**No. M2014-00290-CCA-R3-PC - Filed July 10, 2014**

_____

The petitioner, Charles McHaney, filed a petition in the Davidson County Criminal Court, seeking post-conviction relief.  The post-conviction court dismissed the petition as untimely.  On appeal, the petitioner challenges the dismissal.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and ROGER A. PAGE, JJ., joined.

Charles McHaney, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Deborah Housel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record before us reflects that on July 27, 2007, the appellant was charged by indictment with attempted rape and aggravated kidnapping. On May 15, 2008, the appellant pled guilty to the charged offenses and received concurrent sentences of six years and ten years, respectively.  Although the record contains only the judgments of conviction for attempted rape and aggravated kidnapping, the petitioner alleges that he also pled guilty to three counts of aggravated kidnapping, two counts of rape, and one count of attempted aggravated sexual battery.

On December 10, 2013, the petitioner filed a petition for post-conviction relief. He acknowledged that the petition was filed outside the one-year statute of limitations. Nevertheless, the petitioner asserted that his claims were not "waived because the failure to assert all claims at a prior procedural stage in this case is the result[] of an unconstitutional denial of Petitioner's right to the effective assistance of counsel." In support of his position, the petitioner cited Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), and Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911 (2013), and contended that the cases established new constitutional rights that were not recognized at the time of his convictions and that he was entitled to retrospective application of those rights. The petitioner maintained that his convictions and sentences were "invalid" because he was the "victim of prosecutorial misconduct . . . [and] judicial misconduct." He further contended that his counsel was ineffective by failing to adequately advise the petitioner and failing to formulate and assert a defense theory. The petitioner also asserted that trial counsel "neglected to convey any plea offer . . . [and that the petitioner] relying on bad advi[c]e proceeded to trial and found himself convicted of the offenses."[1] He contended that because he pled guilty, he had no opportunity to raise the issue of ineffective assistance of counsel on direct appeal.

The post-conviction court entered an order, dismissing the petition as time-barred. On appeal, the petitioner challenges the post-conviction court's ruling.

## II. Analysis

We note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

Clearly, the post-conviction petition was filed outside the one-year statute of limitations. Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless it meets one of three enumerated exceptions. The

---

[1]The judgments of conviction in the record reflect that the petitioner entered guilty pleas.

petitioner argues that Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), and Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911 (2013), established new constitutional rights that were not recognized at the time of his convictions and that he was entitled to retrospective application of those rights.

Frye and Lafler do not afford the petitioner any relief. Generally, Frye and Lafler concerned a defendant's Sixth Amendment right to effective assistance of counsel at the plea bargaining stage. See Gary K. Thomas v. State, No. E2012-02086-CCA-R3-PC, 2013 WL 1092770, at *1 (Tenn. Crim. App. at Knoxville, Mar. 15, 2013), perm. to appeal denied, (Tenn. 2013). The right to effective assistance of counsel at trial was outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and the right was also applied to the guilty plea process in Hill v. Lockhart, 474 U.S. 52, 59 (1985). Subsequent to Frye and Lafler, this court noted that "Frye and Lafler applied the well-established Strickland test as extended to the plea process in Hill" and determined that neither Frye nor Lafler established a new constitutional right requiring retroactive application. Johnny L. McGowan v. State, No. M2012-02490-CCA-R3-PC, 2013 WL 5310473, at *2-3 (Tenn. Crim. App. at Nashville, Sept. 20, 2013); see also Bruce L. Robinson v. State, No. W2012-01401-CCA-R3-PC, 2013 WL 1858628, at *3 (Tenn. Crim. App. at Jackson, May 2, 2013); Thomas, No. E2012-02086-CCA-R3-PC, 2013 WL 1092770, at *4 n.5. Thus, the petitioner is not entitled to a tolling of the statue of limitations under Frye and Lafler.

The petitioner fares no better when Martinez and Trevino are considered. In Martinez, the Supreme Court held that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 132 S. Ct. at 1320. Martinez was specifically limited to establishing an equitable exception to federal rules of procedural default in the context of a federal habeas proceeding. See Ruben Pimentel v. State, No. M2011-01309-CCA-R3-PC, 2013 WL 4505402, at *3 (Tenn. Crim. App. at Nashville, Aug. 21, 2013).

In Trevino, the Supreme Court slightly expanded the holding in Martinez, concluding that Martinez applies not only where state law mandates that a claim of ineffective assistance of counsel must be raised in a post-conviction proceeding but also "where . . . state

procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino, 133 S. Ct. at 1921. This court has previously concluded that the narrow holding in Martinez "cannot provide a basis . . . to justify tolling the statute of limitations under Tennessee Code Annotated [section] 40-30-102(b)(1)." McGowan, No. M2012-02490-CCA-R3-PC, 2013 WL 5310473, at *3-4. Trevino, likewise, does not provide a basis for tolling the post-conviction statute of limitations.

Accordingly, we conclude that the post-conviction court correctly dismissed the post-conviction petition as untimely.

### III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-4-